# EXHIBIT "C"

# E-Mail Correspondence

## Marc Bardack x4241

| | |
|---|---|
| **From:** | Marc Bardack x4241 <mbardack@fmglaw.com> |
| **Sent:** | Tuesday, May 09, 2017 4:47 PM |
| **To:** | Coty, Darcy (USAGAN) |
| **Cc:** | Joyce E. Cofer x1406; Parker M. Green x1434; Tammy Marie Eaves x1433 |
| **Subject:** | RE: Turner v. Casey Brown Trucking/Subpoenas to Coast Guard [IWOV-iManage.FID387916] |

Darcy,

I've now had a chance to go back through Daniel Turner's deposition relative to the various Coast Guard personnel he identified as having information bearing on his claims in this personal injury case.

My "must haves" are:

MST1 Clifton Hendry – we understand him to be Mr. Turner's immediate supervisor;
MSTC Clayton Rennie – Mr. Turner's chief;
LCDR James Fenno – treated Mr. Turner and also put him on restriction;
Chief Warrant Officer Vivian Eddy – Mr. Turner testified she brought him front of the department and announced that he was not good enough or smart enough to work on vessel inspection and that she was moving him into the containers facilities;
MK2 John DiLorenzo –   Mr. Turner's supervisor at New Smyrna Beach at the time of the accident.  Mr. Turner testified
       he told Mr. DiLorenzo of some of his symptoms and that DiLorenzo suggested he take some time off.


My "would like to haves" (or maybe better termed "I'll agree to postpone pending testimony of the must haves") are:

Lt. Christopher McElvaine – Mr. Turner testified he is the boss above MSTC Rennie
MST2 Kyle Bertocci – Mr. Turner testified he was present with CWO Eddy brought him in front of the department
MST3 Matthew Seel - Mr. Turner testified he was present with CWO Eddy brought him in front of the department
MST3 David Britt – co-worker of Turner who Turner testified he worked out with and was present for an incident for he got a talking to by Hendry and Rennie.

My understanding is that Hendry, Rennie, Fenno and Eddy are all in Savannah.  I propose they be deposed on 2 consecutive days, with two on one day and two on the other, and with Hendry and Fenno on different days, as those will be the longer depositions.  Plaintiff's counsel and I both have offices in Savannah where we can conduct the depositions (they are currently scheduled for plaintiff's counsel's office) or we can do them at the Coast Guard office there or wherever is convenient for the witnesses.

My understanding is DiLorenzo is still in New Smyrna Beach.  We would travel there and I anticipate his deposition being well under 2 hours.  We can do that on any mutually convenient date.

The other person who I want to depose is Chief Petty Officer Monica Vidal who was an instructor at the C school Turner attended in Yorktown, VA in Summer 2014.  If we could coordinate that one without me having to issue another subpoena, that would be great.

We have a discovery deadline of July 31, 2017 in this case, so we do need to get these depositions done in relatively short order.

Also, Mr. Turner's attorney advised me today that he plans to take evidentiary depositions of these witnesses immediately following my discovery depositions. I don't have any objection to that, but I am not asking for that either, as that's not my battle. I just wanted to let you know opposing counsel's intention.

Finally, although I have not previously commented on it, I, for the record disagree that my subpoenas are invalid, as they have been issued and served in accordance with FRCP 45 and 6 CFR 5.43. But let's get these depositions worked out so we don't have to fight about.

Thanks so much for your help. If you have any questions or wish to discuss this matter further, please do not hesitate to contact me.

**Marc H. Bardack**
**Freeman Mathis & Gary, LLP**
**100 Galleria Parkway | Suite 1600 | Atlanta, GA  30339-5948**
**D: 770.818.4241  | C: 404.444.8140 | F: 770.937.9960**
mbardack@fmglaw.com | www.fmglaw.com



A *Corporate Counsel Magazine* "Go-To Law Firm®" for litigation
**California | Florida | Georgia | New Jersey | New York| North Carolina | Pennsylvania**
Please read this important notice and confidentiality statement

**From:** Coty, Darcy (USAGAN) [mailto:Darcy.Coty@usdoj.gov]
**Sent:** Tuesday, May 09, 2017 11:55 AM
**To:** Marc Bardack x4241 <mbardack@fmglaw.com>
**Cc:** Joyce E. Cofer x1406 <jcofer@fmglaw.com>; Parker M. Green x1434 <PGreen@fmglaw.com>; Tammy Marie Eaves x1433 <teaves@fmglaw.com>
**Subject:** RE: Turner v. Casey Brown Trucking/Subpoenas to Coast Guard

Marc,

Thanks for your email confirming that you agree to postpone John DiLorenzo's deposition.

Just as you are not agreeing to withdraw the subpoena, I want to be clear that the Coast Guard has not agreed to produce any witness. This is particularly the case given that each of the subpoenas is invalid, has not properly been served, does not fully comply with Touhy, and the Coast Guard has not authorized the witness to testify.

While the Coast Guard has not agreed to produce any witness, I would like to work cooperatively and avoid the need to file motions to quash. Towards that end, I appreciate your agreeing to review Mr. Turner's testimony so that you can narrow your list down substantially, thereby causing as little burden and disruption to the Coast Guard as possible.

I look forward to hearing from you further.

Darcy

**Darcy Feuerzeig Coty**
Assistant U.S. Attorney
United States Attorney's Office
Richard B. Russell Building

75 Ted Turner Drive, S.W., Suite 600
Atlanta, GA 30303
404-581-6043

---

**From:** Marc Bardack x4241 [mailto:mbardack@fmglaw.com]
**Sent:** Tuesday, May 9, 2017 11:27 AM
**To:** Coty, Darcy (USAGAN) <DCoty@usa.doj.gov>
**Cc:** Joyce E. Cofer x1406 <jcofer@fmglaw.com>; Parker M. Green x1434 <PGreen@fmglaw.com>; Tammy Marie Eaves x1433 <teaves@fmglaw.com>
**Subject:** RE: Turner v. Casey Brown Trucking/Subpoenas to Coast Guard

Darcy,

Thank you for taking the time to speak with me and be willing to work with me to secure at least some of these Coast Guard depositions.

As we discussed, I am agreeable to postponing the deposition of John DiLorenzo, currently scheduled for May 17, 2017, as we work through these issue.  To be clear, I am not withdrawing my subpoena of Mr. DiLorenzo at this time, but am agreeing to postpone the deposition from May 17.

As we also discussed, I will go back through Mr. Turner's deposition and give you list of "must haves" vs. "would like to haves," but I can tell you that Dr. Fenno and Clifton Hendry are on the "must have" list.

Again, thank you for your cooperation and assistance.  I look forward to speaking with you again soon.


**Marc H. Bardack**
Freeman Mathis & Gary, LLP
100 Galleria Parkway | Suite 1600 | Atlanta, GA  30339-5948
D: 770.818.4241  | C: 404.444.8140 | F: 770.937.9960
mbardack@fmglaw.com | www.fmglaw.com



A *Corporate Counsel Magazine* "Go-To Law Firm®" for litigation
**California | Florida | Georgia | New Jersey | New York| North Carolina | Pennsylvania**
Please read this important notice and confidentiality statement

**From:** Coty, Darcy (USAGAN) [mailto:Darcy.Coty@usdoj.gov]
**Sent:** Tuesday, May 09, 2017 11:05 AM
**To:** Marc Bardack x4241 <mbardack@fmglaw.com>
**Subject:** Turner v. Casey Brown Trucking/Subpoenas to Coast Guard

Marc,

I have left you two voicemails in the hopes of speaking with you about the subpoenas you served on nine members of the Coast Guard in the matter of *Turner v. Casey Brown Trucking*.

As you know, the subpoenas are invalid under the Federal Rules of Civil Procedure.  Nevertheless, I am hoping to reach some agreement related to certain depositions and avoid filing a motion to quash.  Towards that end, I would appreciate your calling me to discuss the subpoenas.

Thanks,
Darcy

**Darcy Feuerzeig Coty**
Assistant U.S. Attorney
United States Attorney's Office
Richard B. Russell Building
75 Ted Turner Drive, S.W., Suite 600
Atlanta, GA 30303
404-581-6043